ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2020-Dec-07  09:04:40
60CV-20-6899
C06D09 : 5 Pages

1

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## CIVIL DIVISION

**ROBERTA JONES**                                                            **PLAINTIFF**

**V.**                                     **CASE NO.    60CV-20-**

**MAPCO EXPRESS, INC.**                                               **DEFENDANT**

### COMPLAINT

**COMES NOW** the Plaintiff, Roberta Jones, by and through her attorneys, Taylor King Law, and for her cause of action states as follows:

### PARTIES AND JURISDICTION

1.  Plaintiff Roberta Jones, (hereinafter referred to as "Plaintiff), was at all times relevant to this action, and still is, an individual residing in Little Rock, Pulaski County, Arkansas.

2.  That Defendant, Mapco Express, Inc. (hereinafter referred to as "Mapco") is a foreign corporation doing business in the State of Arkansas, whose registered agent for service is UCS of Arkansas, Inc., 300 Spring Building, Suite 900, 300 S. Spring Street, Little Rock, Arkansas 72201.

3.  The acts and events giving rise to this action occurred within Pulaski County, Arkansas.

4.  This Court has jurisdiction over the parties and subject matter pursuant to this Court's jurisdiction over personal injury claims predicated on negligence, such jurisdiction granted by Arkansas Code Annotated §16-13-201.

2

5.   Venue is proper in this Court based on the location of the incident giving rise to this claim and/or the parties hereto.

## FACTS

6.   That on or about January 4, 2018, Plaintiff traveled to the Mapco located at 8818 Kanis Road, Little Rock, Arkansas 72205.

7.   At all times relevant hereto, Plaintiff was lawfully on Defendant's business premises, as a business invitee.

8.   At all times relevant hereto, Defendant controlled, maintained, operated and possessed the afore-mentioned business premises.

9.   Plaintiff entered Mapco to pre-pay for gas from the attendant.

10.   Plaintiff exited the store and tripped over a raised curb in the parking lot causing her to hit her knees and face on the concrete parking lot. The raised curb was the same color as the surface of the parking lot and there were no "caution signs" or other markings to warn patrons of the danger presented by the raised curb, at the time of Plaintiff's fall.

11.   As a result of the fall, the Plaintiff sustained injuries.

12.   Plaintiff subsequently sought medical treatment as a result of the fall, and to date, continues to suffer pain.

13.   By reason of the negligence of Defendant stated herein, Plaintiff required treatment by medical physicians, and other health service providers; and has incurred expenses for said care and treatment.

14.   By reason of the negligence of Defendant, Plaintiff endured pain and suffering as a result of the injuries described herein.

3

15.     As a direct and proximate result of her injuries, Plaintiff suffered damages as set forth herein.

## COUNT 1: NEGLIGENCE

16.     Plaintiff hereby incorporates paragraphs 1 through 15 herein by reference.

17.     At all times relevant to this action, Defendant had a duty to Plaintiff as a business invitee to use ordinary care to maintain the premises in a reasonably safe condition.

18.     Defendant owed a duty to business invitees, including Plaintiff, to anticipate the risk of harm to invitees and take precautions to guard against such harm.

19.     Defendant, by and through its authorized agents, employees, or representatives, breached this duty to Plaintiff by negligently failing to keep the floor free from hazards in an area where it is reasonable to assume customers would have to transverse.

20.     The breach created an unsafe condition for business invitees such as Plaintiff.

21.     In the alternative, Defendant, or its authorized agents, employees, or representatives, breached their duty to Plaintiff by allowing the raised curb to remain unpainted, causing an unsafe condition, for such an amount of time that Defendants knew or should have known of its presence, and failed to remove or address the dangerous condition.

22.     Defendant breached its duty to use ordinary care to inspect and maintain the premises in a reasonably safe condition for Plaintiff, who was a business invitee to which Defendant owed the highest degree of care.

23.     Defendant carelessly and negligently allowed the raised curb to remain unpainted creating an unsafe condition of the premises controlled, maintained and operated by it, and such

4

caused the Plaintiff to trip and fall with such a force as to cause physical injury and necessitated subsequent medical treatment.

24.     Defendant carelessly and negligently allowed the raised curb to remain unpainted creating an unsafe condition of the premises controlled, maintained and operated by it,   that Defendants knew or reasonably should have known of its presence, and failed to use ordinary care to remove or address it.

25.     Defendant carelessly and negligently failed to use ordinary care to maintain the premises in a reasonably safe condition.

26.     As a direct and proximate result of Defendant's acts, or failure to act, as set forth herein, Plaintiff suffered damages as stated in Prayer for Relief.

## PRAYER FOR RELIEF

27.     As a direct and proximate result of the Defendant's conduct, Plaintiff is entitled to the following damages;

a.      Past and present medical care, treatment, services, expenses and costs;

b.      Past and present pain suffering and mental anguish;

c.      Future pain and suffering;

28.     Plaintiff reserves the right to plead further in this matter, to amend the Complaint, and file additional pleadings, as allowed by the Rules.

**WHEREFORE**, Plaintiff, Roberta Jones, respectfully prays for a judgment against the Defendant, Mapco Express, Inc., in an amount adequate to compensate her for the injuries and damages she has sustained. The Plaintiff further prays for cost, interest and all other just and proper

5

relief in which she may be entitled. Plaintiff reserves the right to amend further herein. The Plaintiff

prays for a jury trial.

Respectfully submitted,

Taylor King Law
410 N. Thompson St., Suite B
Springdale, AR 72764
Telephone: (870) 246-0505


By:      /s/ Cheston Wright
        Cheston Wright, AR Bar No. 2020187
        *Attorney for Plaintiff*